IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
ST. THOMAS AND ST. JOHN DIVISION

BENJAMIN JACKSON OWEN,

Plaintiff,

v.

ANN RODRIGUEZ, EMERY POLEON, PAUL J. ARNOLD III, LSJVI, LLC, and STEPHEN "STEVE" DECKOFF

Defendants.

CASE NO. 2026-cv-00054

# **MEMORANDUM OPINION**

## *I) Introduction:*

The allegations in the complaint are serious, and they merit sober-minded, judicious treatment. Instead, Plaintiff's Counsel has opted to bury these serious allegations beneath an avalanche of melodramatic, immaterial, and turgid prose that falls far below the requirements set forth in Federal Rules of Civil Procedure 8(a)(2), 8(d)(1) and 10(b).

Consequently, the Defendants' motion to strike certain portions of the complaint is hereby **GRANTED IN PART and DENIED IN PART,** pursuant to Fed. R. Civ. P. 12(f). Furthermore, the Plaintiff is hereby **ORDERED** to file an amended complaint consistent with this opinion no later than 5:00 p.m. on Wednesday, December 2, 2026.

However, the Defendants' motion for a more definite statement under Fed. R. Civ. P. 12(e) is **DENIED WITHOUT PREJUDICE**.

And finally, the Defendants' motion for this Court to direct Plaintiff's Counsel to issue a public apology to the Defendants and Defense Counsel is **DENIED WITH PREJUDICE.**

An accompanying order detailing precisely which paragraphs are to be stricken shall issue contemporaneously with this memorandum opinion**.**

## *II)* *The Complaint and the Motion to Strike:*

On September 28, 2026, Counsel for Benjamin Jackson Owen ("Plaintiff") filed a 50-page, 188-paragraph complaint against Ann Rodriguez, Emery Poleon, Paul J. Arnold III, LSJVI, LLC, and Stephen "Steve" Deckoff (together, "Defendants") alleging, among other things, false imprisonment, assault and battery, intentional infliction of emotional distress, and negligent hiring, retention, and supervision. [ECF No. 1]. The complaint stems from an incident in which Plaintiff was allegedly captured, assaulted, and held against his will by Defendants after Plaintiff entered Defendants' property on Little St. James Island in the District of the Virgin Islands.

The Defendants move this Court to strike certain portions of the Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(f) as redundant, impertinent, immaterial or scandalous. [ECF No. 10]. In the alternative, Defendants request the Court dismiss the complaint without prejudice under Rules 8 and 10, or order a more definite statement under Rule 12(e), and direct the Plaintiff to re-file. [ECF No. 10]. Defendants also ask the Court to sanction the Plaintiff and direct him to issue a public, written apology to the Defendants and their Counsel. *Id.* Plaintiff filed a response in opposition to the motion on October 16, 2026 [ECF No. 12], and the Defendants filed a reply to the response in opposition on October 17, 2026. [ECF No. 13]. The Court has carefully scrutinized all of the briefs filed by Counsel in this matter.

*III)* *Legal Standard:*

*(a) Federal Rule of Civil Procedure 8:*

Federal Rule of Civil Procedure 8 states, in pertinent part:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction …; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The rule further states, "Each allegation must be simple, concise, and direct."

"Taken together, Rules 8(a) and 8(d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re Westinghouse Secs. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (quotations omitted). "A district court may *sua sponte* dismiss a complaint for failure to comply with Rule 8, but dismissal 'is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Bey v. U.S. Dep't. of State, Nat'l. Passport Center*, 416 Fed. Appx. 136, 138 (3d Cir. 2011) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). "It is an abuse of discretion to dismiss an entire complaint if it contains some claims that satisfy Rule 8." *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). It is beyond dispute that this complaint raises non-frivolous and substantive claims that should be addressed on the merits in the regular course of litigation. Therefore, the Court declines to dismiss the complaint. A district court should generally give leave to amend, especially where the complaint is facially nonfrivolous. *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). In this instance, amendments to the complaint shall ensue as directed herein.

*(b) Fed. R. Civ. P. 12(e) – Motion for a More Definite Statement:*

On motion, a party may "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Such a motion "must point out the defects complained of and the details desired." *Id*. "Motions for a more definitive statement are generally disfavored and are used to provide remedies for unintelligible pleadings rather than as a correction for lack of detail." *CoorsTek Korea Ltd. v. Loomis Prods. Co.*, 586 F. Supp. 3d 331, 338 (E.D.Pa. 2022). Factors that the court may consider in whether to grant a Rule 12(e) motion include:

> (1) whether the purportedly deficient filing provides enough information for the opposing party to conduct its own factual investigation, (2) the degree to which the moving party is able to identify the claims against it, and (3) whether there is a good-faith explanation for why certain information was excluded from the filing.

*Id*.

*(c) Federal Rule of Civil Procedure 12(f) – Motion to Strike:*

On motion, or *sua sponte*, the Court may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(1). "Immaterial" matters are those that have "no essential or important relationship to the claim for relief." *Zaloga v. Provident Life and Acc. Ins. Co. of Am.*, 671 F. Supp. 2d 623, 633 (M.D.Pa. 2009). "Scandalous" matters are those "which improperly cast[] a derogatory light on someone, most typically on a party to an action." *Id*. "Allegations that are 'repugnant' or that contain 'superfluous descriptions and not substantive elements of the cause of action' . . . may be stricken." *United States v. Southland Gaming of the Virgin Islands, Inc.*, 182 F. Supp. 3d 297, 318 (D.V.I. 2016).

Motions to strike are generally viewed with disfavor as drastic remedies and are therefore generally denied unless the allegations are totally unrelated to the controversy and may cause

prejudice or confusion. *Charleswell v. Chase Manhattan Bank*, No. 01-119, 2009 WL 4981730, at *2 (D.V.I. Dec. 8, 2009). "Even if the allegations are redundant or immaterial, they need not be stricken, if their presence in the pleading cannot prejudice the adverse party." *Loughrey v. Landau*, 381 F. Supp. 884, 888 (E.D.Pa. 1974); *see also* 5 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1217 (4th ed. 2026) ("The granting of a motion to strike scandalous matter is aimed, in part, at avoiding prejudice to a party by preventing a jury from seeing the offensive matter or giving the allegations any other unnecessary notoriety inasmuch as, once filed, pleadings generally are public documents and become generally available").

## *IV)* *Discussion:*

### a. *The Court's Order to Strike:*

The Third Circuit reviews the District Court's decision on a motion to strike for an abuse of discretion. *See Meditz v. City of Newark,* 658 F.3d 364, 366-67 n.1 (3d Cir. 2011) ("A district court abuses its discretion if its decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact") (quoting *Johnston v. HBO Film Mgmt. Inc.,* 265 F.3d 178, 183 (3d Cir. 2001)).

In "evaluating a motion to strike allegations of a complaint, the court must accept as true all factual allegations in the complaint and view all reasonable inferences in the light most favorable to [the plaintiff], just as on a motion to dismiss pursuant to Fed. R Civ. P. 12(b)(6)." *United States v. Southland Gaming of the Virgin Islands, Inc.*, 182 F. Supp. 3d 297, 318 (D.V.I. 2016) (quoting *Luppino v. Mercedes-Benz USA, LLC*, No. 09-CV-5582, 2013 WL 6047556, at *3 (D.N.J. Nov. 12, 2013)).

The Defendants object to five "blocks" of offensive material that they request the Court strike from the Plaintiff's complaint:

1. "The 'Retaliatory Complaint' (¶¶ 115-134)"
2. "Anti-SLAPP (¶¶ 130-133)"
3. "The Open Shorelines Act (¶¶ 44-50, 38(f), 63, 65)"
4. Inflammatory material (¶¶ 2, 5-6, 9, 27-30, 42-43 & nn.1-3)
5. A "twenty-paragraph legal brief (¶¶ 95-114) rebutting affirmative defenses Plaintiff himself says he need not anticipate (¶ 148)."

No. 10, at 2-3].

In response, the Plaintiff avers generally that the challenged allegations provide necessary context, establish a pattern, and put the Defendants on notice [ECF No. 12]. However, even drawing all reasonable inferences in the light most favorable to the non-moving party the Court finds that the Defendants have met their high burden of demonstrating that several allegations in the complaint are so immaterial that they bear no rational relationship to the Plaintiff's underlying claims, while other portions are so impertinent and scandalous—by obvious design—that they are highly likely to prejudice the Defendants.

Consequently, the Court will strike several references to Jeffrey Epstein. The Court acknowledges that Epstein may hold limited relevance to this case, given his prior ownership of the island where the alleged conduct occurred and his former employment of one of the Defendants. That marginal relevance, however, must be balanced against the lurid accusations surrounding Epstein and the uniquely sinister shadow he casts (even in death) over the public imagination. Court filings are a matter of public record, and any jury pool in this matter will be drawn from the small community of the Virgin Islands, where Epstein lived and worked for many

years. Injecting facts or associations involving Epstein into the pleadings risks tainting these proceedings by arousing the anger and revulsion of potential factfinders. This seems calculated by Plaintiff's Counsel to invite a verdict rooted in passion and prejudice rather than the evidence about the Defendants' conduct adduced at trial.

Relatedly, the Court will not permit Plaintiff's Counsel to use these proceedings as a cudgel to batter individuals who are not parties to this litigation. Some paragraphs in the complaint link non-parties to Epstein without any discernible connection to the Plaintiff's claims against the Defendants. Where such associations are immaterial to the cause of action, they are also inherently scandalous given their unmistakable implications, appearing calculated by Plaintiff's Counsel to inflame public opinion and humiliate third parties who have no voice in this forum. Such allegations are, by definition, immaterial, impertinent, and scandalous. Accordingly, certain references to Jeffrey Epstein, as detailed in the accompanying Order, will be stricken.

In this vein, the Court harbors grave concerns regarding Paragraph 42, which details substance abuse allegations involving a member of Mr. Deckoff's family who is neither a party to, nor the subject of, this litigation. Those allegations are entirely irrelevant to the conduct alleged in the complaint. The Plaintiff's argument—that using personal resources to seek treatment for a family member somehow reflects poorly on Mr. Deckoff—is a bizarre non sequitur. While the Plaintiff wisely chose not to defend the indefensible in his response, his silence does not excuse his appalling decision to include these reference to a non-party in the first place. Even if the Court takes the assertions in Paragraph 42 as true, the Plaintiff is attempting to use this Court as a forum to publicly air the deeply personal struggles of a non-party who has no opportunity to be heard. The Court finds such tactics to be grotesque.

Second, all discussions in the complaint regarding anti-SLAPP statutes will be stricken, as no such law exists in the Virgin Islands making such discussion entirely immaterial. Similarly, references to the Virgin Islands Open Shorelines Act are entirely immaterial because the Plaintiff himself acknowledges leaving the shoreline areas of Little St. James Island that are protected by that statute to trespass on private property.

Third, the Court will grant the Defendants' request to strike paragraphs 95-114. Defendants argue that such a legal briefing is inappropriate under the requirements of Rule 8(b), and the Court agrees. A court may strike allegations containing "superfluous descriptions and not substantive elements of the cause of action." *Matos v. Nextran*, 52 V.I. 676, 682 (D.V.I. 2009). A multipage description of the legality and limitations of a citizen's arrest in the Virgin Islands is wholly unnecessary.

Plaintiff in his response contends that, "[t]o the extent any paragraph in Section I states a legal conclusion, Defendants may say so in their answer and need not admit or deny it." [ECF No. 12, at 14]. This is too cute by half. The rules of civil procedure state: "In responding to a pleading, a party must . . . admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B) (emphasis added); *see also* Fed. R. Civ. P. 8(b)(5) ("A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial"); *Lucas v. CD-COM Sys. Chi., Inc.*, No. 00 C 4575, s2000 WL 1644513 (N.D.Ill. Oct. 25, 2000). The Plaintiff's assertion that the Defendants may simply ignore the dictates of the Federal Rules of Civil Procedure is wrong, and it underscores the superfluous nature of the Plaintiff's allegations.

Fourth, the Court will grant the Defendants' request to strike the standalone claims for punitive damages. It is well-established law that "a punitive damages claim cannot stand alone."

*Matos v. Nextran*, 52 V.I. at 690. (citations and internal quotation marks omitted). Although the Plaintiff does not stylize his request for punitive damages as a standalone count, his response in opposition confirms they are pleaded as such [ECF No. 12, at 5–6 ("Section J is pleaded in support of a remedy the Complaint does seek: punitive damages against LSJVI, LLC and Mr. Deckoff for their employees' conduct. (ECF No. 1 ¶¶ 133, 142(d)).")]. Accordingly, these standalone claims for punitive damages are stricken for now, without any prejudice to the Plaintiff requesting such relief at the appropriate procedural stage. *Matos*, 52 V.I. at 690.

*b.* *Motion for a More Definite Statement:*

The Defendants request a more definite statement under Rule 12(e), arguing they cannot ascertain what they are being sued for due to the Plaintiff's widespread incorporation of preceding paragraphs by reference [ECF No. 10, at 11]. The Court is unpersuaded. "[I]ncorporating preceding allegations by reference is a time-honored tradition." *Matos*, 52 V.I. at 692. Each count sufficiently pleads the elements of the alleged claims and identifies precisely which Defendants the allegations are directed against. While the complaint is hardly a "short and plain" statement under Rule 8, neither is it so vague that the Defendants cannot reasonably prepare a response. *See Matos*, 52 V.I. at 693. ("While the [complaint] is hardly a paragon of pithiness, it is quite comprehensible and provides enough information to allow [the defendant] to frame a responsive pleading") (quoting *Gov't Guar. Fund v. Hyatt Corp.*, 166 F.R.D. 321, 324 (D.V.I. 1996)). The Defendants' request for a more definite statement under Rule 12(e) is therefore denied.

*c.* *Defendants' request for sanctions:*

Finally, Defendants request that the Court impose sanctions on the Plaintiff and additionally request that this Court "compel [Plaintiff and his Counsel] to issue public written apologies to Defendants and undersigned Counsel." [ECF No. 10, at 2]. Defendants cite no

statutory authority for the imposition of such sanctions, nor Rule 11, but cite to an 11th Circuit case regarding the bankruptcy court's inherent authority to issue sanctions, particularly where an attorney "knowingly or recklessly raises a frivolous argument . . ." *In re Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008). Based on the sole authority the Defendants cited, and the absence of any procedure mandated by the Federal Rules of Civil Procedure, the Court concludes that the Defendants' request is based on the Court's inherent authority.

To sanction a party using its inherent authority, the Court must find that the party has acted in bad faith. *Smith v. All Persons Claiming a Present or Future Interest in Estate 13*, No. 2011-41, 2017 WL 9325370 (D.V.I. Mar. 13, 2017). The Court may use its inherent sanction authority in rare situations when a party has acted egregiously and should resort to inherent authority sanctions only where conduct cannot be adequately addressed by other sanctioning authority, such as Rule 11 or 28 U.S.C. § 1927. *Id.* Upon review of the conduct of the litigation to date, the Court finds that while plaintiff's complaint failed to meet the Rule 8 standard, the record developed thus far does not support the finding of bad faith that would warrant sanctions.

This Court declines to issue sanctions—for now. The Plaintiff, in ignoring both the letter and the spirit of the rule, has pushed Fed. R. Civ. P. 8 to the breaking point, including extensive materials that were wholly immaterial in many instances, and entirely prejudicial in other instances. In response, the Defendants attempted to wield the Court's inherent sanction authority while offering little substance and too much name-calling. Neither side will get very far in this Court with such tactics.

*V)* *Conclusion:*

The Court observes with disappointment that the parties to this litigation—both represented by able and experienced Counsel with many years of heretofore exemplary legal service in the territory—have engaged in a pattern of histrionic rhetoric, name-calling, and thinly veiled snark. This behavior is unpersuasive and counterproductive.

The Court advises Counsel to dial back the rhetoric and instead focus on the difficult (and unglamorous) aspects of our work: legal and intellectual rigor, professional detachment, and reasoned, calm argument that ***must*** be the norm for experienced practitioners in federal court. The path forward requires a return to the basics of effective federal advocacy. For the sake of their respective clients, the Court hopes both Counsels will comport themselves accordingly.

**DATED**: November 18, 2026. *s/ Evan Rikhye*

**EVAN RIKHYE**
**United States District Judge**